Vivia Melonie FASTIGGI, Plaintiff,

v.

**WATERVIEW HILLS NURSING CENTER, INC. and Barry Reisler, individually, Defendants.**

No. 97 Civ 9438(BDP).

United States District Court, S.D. New York.

May 22, 1998.

Gail Auster, Auster & Arisohn, White Plains, NY, for Plaintiff.

Joseph Saccamano, Jackson Lewis Schnitzler & Krupman, White Plains, NY, for Defendants.

## MEMORANDUM DECISION

PARKER, District Judge.

## INTRODUCTION

Plaintiff Vivia Fastiggi commenced this action against her former employer, Waterview Hills Nursing Center, Inc., and her former supervisor, Barry Reisler, pursuant to Title VII, 42 U.S.C. § 2000e, asserting claims of sexual discrimination, sexual harassment, and retaliatory acts leading to constructive discharge. Fastiggi has moved to amend the complaint pursuant to Fed.R.Civ.P. 15(a) to assert claims under New York Exec.Law 290, *et seq.*, and the Fair Labor Standards Act (FLSA).

## DISCUSSION

■ Under Rule 15(a) of the Federal Rules of Civil Procedure, the court shall grant leave to amend "freely ... when justice so requires." Leave to amend will be granted absent a showing of undue delay, bad faith, futility, or prejudice to the defendant. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Feirstein v. Nanbar Realty Corp.,* 963 F.Supp. 254, 261 (S.D.N.Y.1997). Determining whether to grant leave to amend is within the sound discretion of the court. *John Hancock Mut. v. Amerford Intern.,* 22 F.3d 458, 462 (2d Cir.1994).

■ Defendants argue that Fastiggi's motion should be denied because the proposed amendment would be prejudicial, would be in bad faith, would present "novel and complex" issues of state law, and would be futile. None of these contentions warrants denial of Fastiggi's motion.

First, Fastiggi's proposed amendment is not prejudicial or in bad faith because it comes early in the litigation,[1] before substantial discovery has taken place, and relies on the same facts as the original complaint, the alleged harassment and constructive termination of Fastiggi. Second, although different recoveries may be available under state and federal discrimination laws,[2] that fact does not mean that the state law claim is novel and complex.

■ Finally, defendants argue that Fastiggi's claim under the FLSA should be denied because Fastiggi, who worked as a company bookkeeper, falls under the Act's administrative employee exception, rendering the claim futile. *See* 29 C.F.R. § 541.2; N.Y. Labor Law § 651(5)(a); 12 N.Y.C.R.R. §§ 137–3.2(c)(1)(ii), 138–4.4(c)(1)(ii), 141–3.2(c)(1)(ii). Defendants' unsupported claim that Fastiggi's exempt from FLSA regulation is not a sufficient basis for denying the motion to amend—whether the claim is futile cannot be determined until the parties present evidence as to the nature and degree of Fastiggi's employment.

## CONCLUSION

For the reasons stated, the motion to amend is granted.

**SO ORDERED.**

---

1. Fastiggi's state law discrimination claim could not have been included in the original complaint because Fastiggi had a discrimination complaint pending with the New York State Division of Human Rights at the time that the original complaint was filed.

2. For example, no punitive damages are available under state law, *Thoreson v. Penthouse Int'l, Ltd.,* 80 N.Y.2d 490, 591 N.Y.S.2d 978, 606 N.E.2d 1369 (1992), and the applicable state and federal statutes differ on whether "monetary relief" is a legal or an equitable issue. *Houston v. Fidelity (National Financial Services),* No. 95 Civ. 7764, 1997 WL 97838 (S.D.N.Y. March 6, 1997).